IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

TYHEIM LITTLE,

    Movant,

v.                                                        Case No. 2:19-cv-00536
                                                         Case No. 2:95-cr-00198-1

UNITED STATES OF AMERICA,

    Respondent.

MEMORANDUM OPINION AND ORDER

Pending before the Court is Tyheim Little's ("Defendant") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 [ECF No. 815] and his Motion for Expedited Consideration [ECF No. 822]. This matter is assigned to the undersigned United States District Judge and is referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For reasons appearing to the court, it is hereby **ORDERED** that the referral to the Magistrate Judge is **WITHDRAWN** and the undersigned will proceed to rule on the pending motions. It is further **ORDERED** that Defendant's Motion for Expedited Consideration [ECF No. 822] is **GRANTED**.

I.    Relevant Procedural History

On May 3, 1996, Defendant was convicted by a jury of one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count One), one count of

aiding and abetting the distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Three), and one count of aiding and abetting the possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Seven).  Defendant's indictment did not contain, and the jury did not find, the specific drug quantities involved in each count.

On July 15, 1996, the Honorable Charles H. Haden sentenced Defendant to life in prison on Counts One and Seven, and 40 years in prison on Count Three, which were to run concurrently.  In doing so, Judge Haden found, by a preponderance of the evidence, that Defendant was responsible for 4.8 kilograms of cocaine base, subjecting him to the enhanced sentencing provisions contained in sections 841(b)(1)(A) and (B).  Defendant was further sentenced to serve concurrent five-year terms of supervised release and was ordered to pay a $25,000 fine and a $150 special assessment.  A Judgment was entered on July 17, 1996.  (ECF No. 151).  Defendant unsuccessfully appealed his Judgment.  *United States v. Little*, No. 96-4569, 122 F.3d 1064, 1997 WL 563148 (4th Cir., Sept. 17, 1997), *cert. denied*, *Little v. United States*, 522 U.S. 1140 (1998).

On March 29, 2006, I dismissed Defendant's first § 2255 motion as being untimely filed.  [ECF No. 502]. On July 23, 2015, the Honorable Thomas E. Johnston dismissed Defendant's second § 2255 motion as being untimely and an unauthorized second or successive motion.  [ECF No. 748].  However, on March 20, 2018, pursuant to the 2011 and 2014 amendments to the United States Sentencing Guidelines pertaining to cocaine base offenses, I granted Defendant's motion for modification of

sentence under 18 U.S.C. § 3582(c) and reduced his term of imprisonment to 360 months. [ECF No. 785]. Defendant's current release date is November 26, 2021.

In December of 2018, Congress enacted the First Step Act, which implemented various federal sentencing reforms. As relevant to Defendant's motion, section 404 of the First Step Act made retroactive sections 2 and 3 of the Fair Sentencing Act of 2010, which modified the threshold quantities of cocaine base necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Defendant was sentenced under the mandatory minimum provisions prior to the Fair Sentencing Act amendments.

Defendant's motion also cites to section 401 of the First Step Act, which modified the mandatory minimum sentences for defendants convicted of controlled substance offenses who had prior drug convictions and changed the conditions under which such mandatory minimum sentences apply. However, unlike section 404, section 401 of the Act is not retroactive. *See, e.g., United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019) ("the First Step Act is largely forward-looking and not retroactive, applying only where 'a sentence for the offense has not been imposed as of [the] date of enactment'") (quoting First Step Act of 2018, Pub. L. No. 115-391, § 401(c), 132 Stat. 5194, 5221 (2018)) (alteration in original); *United States v. White*, No. 93-cr-97 (BAH), 2019 WL 3719006, * 18 (D.D.C. Aug. 6, 2019) ("Sections 401, 402, and 403, thus, not retroactively applicable to those already sentenced."); *United States v. Norman*, No. 1:08-cr-286, 2019 WL 3296830. at 5 n.7 (W.D. Mich. July 23, 2019) ("The most natural reading of Section 401 of the First Step Act . . . is that it is not retroactive.") (alteration added).[1]

---

[1] Defendant had a prior controlled substance conviction. However, it does not appear that his sentence was enhanced based upon that conviction, or that the United States of America ever filed the required information under 21 U.S.C. § 851 to pursue such an enhancement. Thus, there appears to be no basis for Defendant's claim under § 401 of the First Step Act.

The Federal Public Defender for the Southern District of West Virginia was initially appointed to represent Defendant with respect to filing a motion under § 3582 seeking relief under the First Step Act. [ECF No. 806]. However, on March 27, 2019, Defendant filed a letter indicting his desire to proceed *pro* se. [ECF No. 810]. He subsequently filed a second motion to that effect on June 3, 2019. [ECF No. 813].

On June 4, 2019, Assistant Federal Public Defender David R. Bungard filed a Statement of Counsel, indicating that he believed that Defendant was eligible for relief under the First Step Act, but reiterating that Defendant did not wish to have representation, and wished to proceed *pro se* in seeking such relief. [ECF No. 814].

On July 22, 2019, Defendant, proceeding *pro se*, filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [ECF No. 815] and a Memorandum of Law in support thereof [ECF No. 816], asserting that, because his indictment contained no drug quantities, his enhanced sentences, which are subject to mandatory minimums based upon drug quantity, constitute a fundamental miscarriage of justice. His motion documents further assert that he is entitled to a sentence reduction under the First Step Act. [*Id.*]

III. Discussion

As noted above, Defendant has twice unsuccessfully sought relief under § 2255 and, thus, the present motion is a second or successive motion thereunder. Once again, Defendant has filed this motion without obtaining authorization from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion, as required by 28 U.S.C. §§ 2244, 2255(h). Thus, I **FIND** that this

United States District Court lacks jurisdiction to consider Defendant's requests for relief under § 2255.

Alternatively, Defendant's motion seeks relief under 28 U.S.C. § 2241. He cites the Fourth Circuit's recent decision in *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018), which extended the application of the savings clause contained in § 2255(e) to permit certain sentencing challenges that would normally be made under § 2255 to be made in a habeas corpus petition under § 2241. However, such petitions are properly filed in the district court where the petitioner is incarcerated. Because Defendant is presently incarcerated at USP Florence in Colorado, any request for relief under § 2241 should be filed there.[2] Moreover, I **FIND** that, to the extent that Defendant is entitled to any relief on his First Step Act claims, his request for such relief is most appropriately addressed through a motion for modification or reduction of sentence under 18 U.S.C. § 3582(c)(1)(B), which will be addressed in a separate Memorandum Opinion and Order.

III. Conclusion

For the reasons stated herein, it is hereby **ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 [ECF No. 815] is **DENIED** and the attendant civil action is dismissed.

---

[2] Defendant filed a § 2241 petition in the United States District Court for the District of Colorado, which was dismissed on August 7, 2019. *See Little v. Stancil*, No. 1:19-cv-01266, ECF No. 11 (D. Co. Aug. 7, 2019). The Colorado court found that Defendant could not meet the criteria to bring his claims under the savings clause in § 2255(e) and that he had been granted the opportunity to pursue relief under the First Step Act in this court. *Id.*

The court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied here. Accordingly, a certificate of appealability is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: April 9, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE